UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST BOYD,

    Plaintiff,

v.                                                    CASE NO: 8:06-cv-294-T-26TGW

W.D. HEINRICH, Judge, 13th Judicial
Circuit Court, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is the *pro se* prisoner Plaintiff's complaint which the Court assumes was filed under the authority of 42 U.S.C. § 1983. After due consideration of the allegations of the complaint, which the Court recognizes must be construed liberally given Plaintiff's *pro se* status, the Court is of the opinion that the complaint is due to be dismissed in accord with 28 U.S.C. § 1915A[1] because its allegations are rambling and disjointed, it fails to state a claim for which relief may be granted, and it wholly fails to comply with the procedural requirements of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. See Washington v. Bauer, 2005 WL 2114156 *2 (11th Cir. 2005)

---

[1] This statute provides in pertinent part that with respect to a complaint filed by a prisoner seeking redress from a governmental officer or employee, "the court *shall* . . . dismiss the complaint, . . . , if the complaint . . . fails to state a claim upon which relief may be granted[.]" (Emphasis added.)

(recognizing that although *pro se* complaints must be liberally construed, nevertheless, such complaints must comply with the procedural rules governing the proper form of pleadings).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's complaint is dismissed without prejudice to refiling in a separate case so long as he complies with the requirement of Rules 8(a)(2) and 10(b).

2) The Clerk is directed to enter judgment for Defendants and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on February 24, 2006.

s/
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record